UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17cv60634

ANITA JAIRAM, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                                                                **COMPLAINT – CLASS ACTION**

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC., d/b/a AMERICAN
MEDICAL COLLECTION AGENCY,

    Defendant.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

On behalf of the putative class, Plaintiff ANITA JAIRAM ("Plaintiff" or "Ms. Jairam"), on behalf of herself and all others similarly situated, alleges that Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC., d/b/a AMERICAN MEDICAL COLLECTION AGENCY ("RETRIEVAL-MASTER") has illegally profited and otherwise unlawfully collected millions of dollars from Florida consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and as a result, Plaintiff now seeks to recover all funds unlawfully collected by RETRIEVAL-MASTER.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 18 U.S.C. § 1332(d), because: (1) at least one member of the putative class is a citizen of a state different from Defendant; (2) the amount in controversy exceeds $5,000,000, exclusive of costs and interest, and (3) none of the exceptions of § 1332(d) apply to this action.

6. This Court also has jurisdiction under 15 U.S.C. § 1692k, 28 U.S.C. § 1337, and 28 U.S.C. § 1331.

7. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. § 1965(a) because Defendant transacts its affairs here.

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9. RETRIEVAL-MASTER is a New York corporation, with its principal place of business located in Elmsford, New York.

10. RETRIEVAL-MASTER engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS AS TO MS. JAIRAM

12. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. Specifically, the Consumer Debt represents an allegedly unpaid debt which Plaintiff had agreed to be responsible for the repayment thereof,

whereby such debt was the result of the provision of medical services rendered for the benefit of Plaintiff, her family, and/or her household.

13. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

14. Plaintiff is a "consumer" as defined by the FDCPA. *See* 15 U.S.C §1692a(3).

15. On a date better known by RETRIEVAL-MASTER, it began attempting collect the Consumer Debt from Plaintiff.

16. On or about February 14, 2017, RETRIEVAL-MASTER sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. RETRIEVAL-MASTER identifies itself as a "debt collector" on the reverse side of the Collection Letter. *See* <u>Collection Letter</u>.

18. Defendant is a "debt collector" as defined by the FDCPA *See* 15 U.S.C §1692a(6).

19. RETRIEVAL-MASTER directed Plaintiff to use the website "pay.amcaonline.com" (the "Online Payment Portal") to make online payments. <u>Id</u>.

20. On or about March 3, 2017, Plaintiff made a $20 payment towards the Consumer Debt using the Online Payment Portal and was assessed a so-called "Convenience Fee" of $4.95 for the privilege of making a payment using a credit card or debit card.

21. RETRIEVAL-MASTER charges a $4.95 "Convenience Fee" to all credit card and debit card payments made through the Online Payment Portal.

22. The Convenience Fee is explicitly prohibited by, including but not limited to, §1692f(1) of FDCPA.

23. To lawfully collect the Convenience Fee from credit card payments made by Floridians, RETRIEVAL-MASTER must have either: (1) *express contractual right* to assess such

fee; or (2) the *express statutory right* to collect such fee. *See* 15 U.S.C §1692f(1) (prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.").

24. Plaintiff maintains that RETRIEVAL-MASTER'S assessment of the Convenience Fee as being a direct violation of the FDCPA, as the Convenience Fee *was not*, and *is not*, expressly permitted by law, nor was/is the Convenience Fee expressly permitted by the contractual agreement that serves as the basis for the Consumer Debt.

25. Upon information and belief, Plaintiffs contend that RETRIEVAL-MASTER has illegally collected millions of dollars across the State of Florida, as RETRIEVAL-MASTER unlawfully charged Floridians the Convenience Fee for credit card payments made using the Online Payment Portal.

26. Any potential *bona fide* error defense which relies upon RETRIEVAL-MASTER'S mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605, 176 L. Ed. 2d 519 (2010).

## CLASS ALLEGATION

27. This action is brought on behalf of a class defined as follows:

> (i) all persons within the state of Florida addresses (ii) who were directly or indirectly subject to any debt collection activity (iii) by RETRIEVAL-MASTER, or by any party on behalf of RETRIEVAL-MASTER, (iv) between April 3, 2016 and April 2, 2017 (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) originally owed to a credit grantor with a business presence in Florida (vii) that were directed to use its online payment services, i.e., the Online Payment Portal (viii) and were assessed a fee (xi) for having chosen to pay by credit card or debit card.

28. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members of the class is impractical.

29. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The principal factual issue common to each class member is whether the Convenience Fee assessed by Defendant was a fee, charge, or expense incidental to the principal obligation. The principal legal issue common to each class member is whether the assessment of the Convenience Fee violates § 1692f(1) of the FDCPA.

30. Plaintiff's claim is typical of those of the class members. All claims are based on the same facts and legal theories

31. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving consumer protection, and in particular, FDCPA violations. Neither Plaintiff nor her counsel have any interest that might cause Plaintiff and/or her counsel to not vigorously pursue this action.

32. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Certification of a class under Rule 23(b)(2) of the Federal rules of Civil Procedure is also appropriate because Defendant has acted on grounds generally applicable to the class, thereby making appropriate relief with respect to the class as a whole. Injunctive relief is appropriate and necessary to cause the illegal surcharges to stop.

## COUNT I.
## VIOLATION OF THE FDCPA

34. Plaintiff incorporates by reference paragraphs 12-33 of this Class Action Complaint as though fully stated herein.

35. Defendant violated § 1692f(1) of the FDCPA by attempting to collect a fee, to wit, the Convenience Fee, whereby such fee was not expressly authorized by the agreement creating the debt and not expressly permitted by law. *See* Townsend v. Quantum3 Group, LLC, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting West v. Costen, 558 F.Supp. 564, 582 (W.D.Va.1983))).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in both her favor, as well as in favor of this class, against Defendant RETRIEVAL-MASTER, for:

(a) An order certifying this case to proceed as a class action;

(b) Statutory damages as provided under 15 U.S.C. §1692k;

(c) Actual damages as provided under 15 U.S.C. §1692k;

(d) Costs and reasonable attorneys' fees as provided by 15 U.S.C. §1692k;

(e) An injunction precluding Defendant from collecting or attempting to collect illegal fees and

(f) Such further relief as this Court may deem appropriate.

## JURY DEMAND

36. Plaintiff respectfully demands jury trial on all issues so triable.

DATED: April 2, 2017

        Respectfully Submitted,

        /s/ Jibrael S. Hindi              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

        AND

        /s/ Thomas J. Patti              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:      954-507-9975

*COUNSEL FOR PLAINTIFF*